UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH PAUL TROSCLAIR | CIVIL ACTION |
| VERSUS | NO. 07-7565 |
| MEDTRONIC, INC., MEDTRONIC PUERTO RICO, INC. AND MEDTRONIC PUERTO RICO OPERATIONS, CO. | SECTION: "C" (3) |

## ORDER

Before the Court is Defendant's Motion to Stay Proceedings Pending Action by the Judicial Panel on Multidistrict Litigation ("JPML") (Rec. Doc. 3). Plaintiff opposes the motion. Having reviewed the record, the arguments of counsel and the applicable law, the Motion to Stay Proceedings is hereby **GRANTED**.

A district court has inherent power to stay proceedings. The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987). The decision to stay a proceeding is best determined by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

In the instant case, the defendant has moved for a stay of proceedings while the Judicial

1

Panel considers motions for transfer and consolidation. Rule 1.5 of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

Therefore, a district judge "should not automatically stay discovery . . . postpone rulings on pending motions, or generally suspend further proceedings" upon a party's motion to the Judicial Panel for transfer and consolidation. Manual For Complex Litigation (Fourth) § 20.131 (2004). Yet, "granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency." Hood ex rel. Mississippi v. Microsoft Corp., 428 F.Supp.2d 537, 541 (S.D.Miss. 2006) (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice And Procedure* § 3866, at 612 (3d ed. 1998 & Supp.2004)). This Court is persuaded that the matter should be stayed in the interests of judicial economy, pending resolution of the motion to transfer before the JPML.

IT IS ORDERED that all further proceedings in this case are hereby STAYED pending action by the JPML regarding the motion to transfer, and that the Clerk of Court mark this action closed for statistical purposes.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this

2

litigation.

    New Orleans, Louisiana, this 28th day of December, 2007.

                                                        HELEN G. BERRIGAN
                                                        UNITED STATES DISTRICT JUDGE